## In re Horkey

*Quinn, Leemhuis, Plate & Dwyer*, for appellants.

*T. P. Dunn*, for appellees.

EVANS, P. J., May 12, 1965.—This matter is before the court to determine whether or not appellants may temporarily locate a house trailer on property known as 6294 Station Road, Harborcreek Township, Erie, Pa., owned by Joseph P. Horkey and including about six and a half acres of land.

The zoning ordinance of Harborcreek Township, in which the property is located, provides that in this area

"no house trailer or converted house trailer shall be used for living or sleeping purposes". It is represented that the ordinance does permit house trailers in certain designated areas, which do not include petitioners' property.

At the time of the hearing before us, it was shown that the supervisors of Harborcreek Township refused to grant a variance from the provisions of the zoning ordinance, although it had such power, "Provided that such exception, modification or interpretation shall remain in harmony with the general purposes and intent of this ordinance so that the health, safety and general welfare of the community shall be conserved and substantial justice done".

On March 17, 1965, this court issued a writ of certiorari directing that the Board of Adjustment of Harborcreek Township, within 20 days after service thereof, certify to the court its entire record in the matter in which an appeal had been taken. April 27, 1965 at 10 a.m. was fixed for hearing.

This certiorari was never prepared or filed, and at the time of hearing, this court announced that without such record of the proceedings before the board, it was unable to determine what evidence was presented to the board and could not determine the facts reached by the board, or the reasons for its refusal. However, it was stipulated by counsel that this court hear the matter de novo on the merits, and without reference to any prior proceedings before the Zoning Board of Adjustment in Harborcreek Township.

At the hearing, it was shown that Joseph P. Horkey owned the land described hereinbefore, and resided thereon with his wife, who is a very sickly person. David P. Horkey, his son, is a career sergeant in the United States Army, and was ordered overseas for service in the Viet Nam war area. He has a very substantial house trailer valued at $8,000 which he moved

from California, where he was previously located, and seeks the right and privilege of placing this trailer on his father's property for the limited period of time during which he will be in this foreign service. His wife and children are strangers in this community, and he wants them near his parents, where they would be more safe and happy than in a location where they are unknown.

It appears that most of the neighbors in the area filed a complaint with the board of adjustment, but at the hearing before us, no testimony from these complainants was offered.

The Horkey property has frontage of 140 feet on Station Road, a public highway, and extends northwardly therefrom approximately 380 feet. The surrounding properties are of considerable size, as is the Horkeys'.

Zoning ordinances may, within reason, properly exclude from certain areas the use of trailers, in the interest of the health, safety and general welfare of the community, and in ordinary circumstances, it might be concluded that the exception here sought would render the zoning ordinance ineffectual in the whole area from this time on. This is, however, an emergency which, for a limited period of time, justifies our conclusion that the variance, which we will allow, is warranted. The President of the United States has, with respect to income tax and soldiers' insurance, declared this to be a war, although not officially declared as such. Sergeant Horkey has, and will have, much to worry about without having the additional concern about his family's welfare.

This trailer is neat in appearance. It is to be located well to the rear of the Horkey property for a limited time, and, so located, will not depreciate the value of neighbors' property or in any way interfere with the health, safety and general welfare of the community.

396

For sanitation purposes, Joseph P. Horkey announced his determination to install a septic tank, and this will be required.

The neighbors need not be concerned with respect to the precedent which might be established, and that the zoning provisions might be rendered generally inoperative in the future. We specifically rule to the contrary. Our order will limit the variance as to time in an emergency of war.

And now, to wit, May 12, 1965, the Zoning Board of Adjustment for Harborcreek Township is directed to grant a variance to Joseph P. Horkey and David P. Horkey, permitting said Joseph P. Horkey and David P. Horkey the right to temporarily locate David P. Horkey's house trailer on the real estate owned by Joseph P. Horkey, approximately 350 back from Station Road for a period of time not to exceed one year and six months from the date of this order. This trailer shall not be occupied by the family of David P. Horkey until a septic tank for sanitation purposes is constructed.